KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, NY  10018
(212) 922-0450
David Y. Loh (DL 0460)

Attorneys for Plaintiff
GEODIS LOGISTICS, LLC
(File No.: 448024.00001 DYL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GEODIS LOGISTICS, LLC                    Case No.: 1:22-cv-08547

          Plaintiff,

  -against-                                                       **COMPLAINT**

PROJECT VERTE, INC.,                                JURY DEMAND

          Defendant.

-----------------------------------------------------------X

      Plaintiff, **GEODIS LOGISTICS, LLC**, by its attorneys, KMA ZUCKERT LLC, as and for its Complaint herein, alleges upon information and belief:

### PREDICATE

1. This civil action is brought by plaintiff against defendant, to recover money damages for the breach of contract to supply certain transportation services.  The relief sought includes compensatory and punitive damages, interest, costs and attorneys fees and expenses.

### JURISDICTION AND VENUE

2. This claim arises out of the intrastate and interstate carriage of cargo which involves issues of interstate commerce and federal common law, and the matter in controversy exceeds ten

1

        thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. § 1331 and 1337. There also is supplemental jurisdiction under 28 U.S.C. § 1367 in this action.

3.    There also is diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that plaintiff and defendant are citizens of different states and the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

4.    Venue of this action are predicated upon 28 U.S.C. § 1391(b), since defendant transacts its affairs within, or derives income from its activities within the Southern District of New York.

## PARTIES AND RELATIONSHIPS

5.    Plaintiff **GEODIS LOGISTICS, LLC** ("**Geodis**" or "**Plaintiff**") is a limited liability company organized under the laws of the State of Tennessee, with a principal place of business located at 7101 Executive Center Drive, Suite 333, Brentwood, TN 37027, and is in the business of providing transportation management services, including arranging from various transportation and logistics related services, including storage, on behalf of its customers with underlying motor carriers as service providers.

6.    Defendant **PROJECT VERTE, INC. ("PVI**" or "**Defendant**") is a domestic corporation organized under the laws of Delaware with a principal place of business located at 1200 Abernathy Road, 600 Bldg., Suite 925, Sandy Springs, GA 30328, and is in the business of providing supply chain services, including fulfillment and shipping services.

## FACTUAL BACKGROUND

7. Geodis arranged transportation management services for the benefit of Defendant pursuant to a Transportation Management Services Agreement dated April 21, 2020 ("the TMA"), annexed hereto as Exhibit "A". Under the TMA, Geodis agreed to coordinate certain transportation management services to Defendant and Defendant agreed to pay for those services.

8. In accordance with the TMA, Geodis provided Defendant with a FedEx shipping account number to use for Defendant's parcel shipments. On Defendant's behalf, Geodis obtained a unique FedEx shipping account number which was not to be used by any other Geodis customer. Defendant's shipments were arranged by Geodis, and, because Defendant's shipments were physically handled by FedEx, Geodis advanced payment to FedEx for these shipments and Geodis would then bill Defendant.

9. Throughout 2020, 2021 and 2022, Defendant used Geodis' services pursuant to the TMA and Geodis performed said services without complaint by Defendant.

10. During March, April and May 2022, Defendant became significantly behind in reimbursing Geodis for these services rendered in amounts in excess of $240,000.00. Defendant made some payments to Geodis, but, despite numerous attempts to resolve all outstanding amounts, including an extended payment plan, Defendant refused to enter into a firm agreement for the full repayment of all amounts owed to Geodis.

11. On or about April 8, 2022, Geodis suspended services pursuant to the TMA due to Defendant's continued non-payment of all agreed upon amounts. This suspension included the use of Geodis' FedEx unique account number.

12. Despite Geodis's notification to Defendant that its services were suspended, Defendant continued to use Geodis's FedEx account and incur additional charges for parcel shipments.

13. Defendant's continued use of Geodis's FedEx account number was without authorization and resulting in further additional FedEx charges to Geodis for over three (3) months after Geodis's suspension under the TMA.

14. As of the date of filing this Complaint, Defendant owes Geodis an amount exceeding $191,761.48, as near as can now be determined.

15. Geodis has duly performed all its duties and obligations under the TMA, and to Defendant under all circumstances.

16. Defendant has continued to ignore Geodis's multiple attempts to collect the amounts due and owing to it by Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION
## DETRIMENTAL RELIANCE

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15", inclusive, as if fully set forth herein.

18. During the course of the discussions and negotiations aforesaid, and thereafter, Defendant represented to Geodis that it urgently needed a transportation service supplier which possessed the capability and experience to coordinate various kinds of transportation and logistics services in accordance with the specifications set forth by Defendant's customers.

19. Defendant then occupied and continues to occupy at the present time a supply chain program with respect to its own customers and said supply chain program relied upon the services procured through Geodis.

20. Defendant proceeded to induce Geodis to enter into the TMA, thereby becoming a supplier of transportation services for the benefit of Defendant's customers.

21. In order to meet the specifications and delivery schedules set forth by Defendant through the TMA, Geodis devoted resources to manage Defendant's transportation needs.

22. In reliance upon the aforesaid representations by Defendants set forth in the TMA, plaintiff did take the aforementioned actions to its detriment.

23. By reason of the foregoing, defendant is liable to plaintiff for damages, both compensatory and punitive.

24. As near as can now be determined, Defendant owed Geodis an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24", inclusive, as if fully set forth herein.

26. At various times and places, Defendant used services wherein Geodis agreed, among other things, to coordinate various transportation related services at the direction or instruction of Defendant and/or pursuant to the TMA, in consideration for which Defendant agreed to pay Geodis.

27. As near as can now be determined, Defendant owed Geodis an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

### AS AND FOR A THIRD CAUSE OF ACTION
### ACCOUNT STATED

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27", inclusive, as if fully set forth herein.

29. Defendant placed numerous orders to transport its shipments, using the unique FedEx account number provided by Geodis, thereby using Geodis' services, at the prices, directions, conditions as set forth in the TMA.

30. Pursuant to the Geodis provided unique FedEx account number, all shipments were completed in all respects in accordance with Defendant's instructions or to Defendant's order, at the times, of the kind, in the amount, at the prices, to the destination and in all other respects in full conformity to the TMA.

31. There are no set-offs or counter-claims concerning these .

32. The prices charged were just and reasonable and Defendant agreed to pay the same. Defendant, although frequently thereunto requested, have refused to honor their obligations and still refuse to pay the sum or any part thereof.

33. As near as can now be determined, Defendant owed Geodis an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" of this Complaint as if more fully set forth herein.

35. Defendant, its agents, servants and employees conducted themselves during the transportation and care of its shipments negligently and in such a way as to be totally oblivious to Geodis's rights in such shipments, including but not limited to reimbursement for the transportation of said shipments.

36. Defendant's willful negligence and improper conduct with respect to the transportation and care of its shipments resulted in the loss and/or theft of transportation services, which is due and owing to Geodis.

37. By reason of defendant's willful negligence and improper conduct, plaintiff has been damaged an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (GROSS NEGLIGENCE)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" of this Complaint as if more fully set forth herein.

39. Defendant, its agents, servants and employees conducted themselves during the transportation and care of its shipments in a grossly negligent manner and and in such a way as to be totally oblivious to Geodis's rights in such shipments, including but not limited to reimbursement for the transportation of said shipments.

40. Defendant's gross negligence and improper conduct with respect to the transportation and care of such property resulted in the loss and/or theft of transportation services, which is due and owing to Geodis.

41. By reason of defendant's gross negligence and improper conduct, plaintiff has been damaged an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

<b>AS AND FOR A SIXTH CAUSE OF ACTION<br>(FRAUDULENT MISREPRESENTATION)</b>

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" of this Complaint as if more fully set forth herein.

43. On or about April 8, 2022, Geodis suspended Defendant, their agents, servants and employees from using the unique FedEx account number.

44. Defendant, their agents, services and employees knew this suspension was due to the complete failure to pay for the services set forth in the TMA.

45. After April 8, 2022, Defendant, their agents, servants and employees continued to use Geodis' FedEx account number under the TMA for the express purpose of booking Defendant's shipments.

46. Defendant, their agents, servants and employees, made repeated and continuous material, false representations to Geodis, its agents, servants and employees that Defendant was authorized to use the Geodis FedEx account number under the TMA.

47. By repeatedly and continually using the Geodis FedEx account number under the TMA, Defendant, their agents, servants and employees intended to defraud Geodis, their agents, servants and employees.

48. Geodis, their agents, servants and employees, reasonably relied upon Defendant's false representation that Defendant was authorized to use the Geodis FedEx account number.

49. Geodis, their agents, servants and employees, were damaged as a result of their reasonably reliance upon Defendant's false representation that Defendant was authorized to use the Geodis FedEx account number.

50. By reason of defendant's fraudulent misrepresentation, plaintiff has been damaged an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

51. Defendant's conduct was so wanton and reckless, and so oblivious to the rights of Geodis, that Geodis is entitled to an award of punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" of this Complaint as if more fully set forth herein.

53. The TMA contracted by Geodis and Defendant constituted a joint venture to coordinate and obtain certain supply chain services for the benefit of Defendant's customers.

54. As a result of this joint venture, Defendant owed a fiduciary duty to Geodis in that Defendant entered into a relationship of trust and confidence wherein Defendant was bound to exercise the utmost good faith and undivided loyalty to Geodis throughout that relationship.

55. Even though the TMA had been suspended as of April 8, 2022, Defendant nevertheless extended that fiduciary relationship by continuing to use the Geodis FedEx account number repeatedly and continuously after April 8, 2022.

56. After April 8, 2022, Defendant was not authorized to use the Geodis FexEx account number and Geodis was forced to incur certain transportation charges as a result of the pick up and delivery of Defendant's shipments.

57. Geodis, their agents, servants and employees, were damaged as a result of Defendant's repeated and continued use of the Geodis FedEx account number without authorization.

58. Defendant breached its fiduciary duty to Geodis by using Geodis's FedEx account number without authorization after services were suspended under the TMA.

59. By reason of defendant's breach of fiduciary duty, plaintiff has been damaged an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" of this Complaint as if more fully set forth herein.

61. In the alternative, in the event Defendant argues there was no enforceable contract after Geodis suspended the TMA on or about April 8, 2022, then Defendant benefitted substantially by the use of the Geodis FedEx account number to arrange for the pick up and delivery of numerous Defendant shipments for Defendant's customers.

62. Defendant's repeated and continuous use of Geodis FedEx account was conducted at the expense of Geodis.

63. Defendant was unjustly enriched by the use of the Geodis FedEx account number without reimbursement to Geodis.

64. By reason of defendant's unjust enrichment, plaintiff has been damaged an amount exceeding $191,761.48, plus interest, costs and attorneys fees and expenses.

**WHEREFORE,** plaintiff requests:

(a) That process in due form of law according to the practice of this Court may issue against this Defendant.

(b) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this Complaint, including but not limited to compensatory and punitive damages, together with interest, costs and attorneys fees and expenses.

(c) Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       October 7, 2022

                    KMA ZUCKERT LLC
                    Attorneys for Plaintiff
                    GEODIS LOGISTICS, LLC

By: _____
     David Y. Loh
     1350 Broadway, Suite 2410
     New York, NY  10018
     (212) 922-0450
     dloh@kmazuckert.com
     (FILE NO.: 448024.00001 DYL)